IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PETER M. GRATTON,** ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **BOARD OF SUPERVISORS FOR THE** ) <br> **UNIVERSITY OF LOUISIANA** ) <br> **SYSTEM**, ) <br> ) <br> Defendant. ) | CIVIL ACTION NO. <br><br> SECTION: |

## COMPLAINT

Plaintiff PETER M. GRATTON ("Plaintiff" or "Dr. Gratton"), through the undersigned counsel, brings this action against Defendant BOARD OF SUPERVISORS FOR THE UNIVERSITY OF LOUISIANA SYSTEM ("Defendant" or "Board"), and respectfully alleges as follows:

## NATURE OF ACTION

1. This action arises out of the wrongful non-reappointment by Defendant[1] of Dr. Gratton during his tenure review year. Defendant failed to comply with its own policies with respect to (A) tenure, renewal/reappointment, and termination of tenure-track faculty and (B) the resulting grievance processes.

2. As set forth below, Dr. Gratton began his sixth year as an Assistant Professor at SELU in 2023. Once in his sixth year, Dr. Gratton became eligible for

---

[1] As stated in paragraph 7 *infra*, Southeastern Louisiana University is a member institution of the University of Louisiana System, which is supervised and managed by Defendant. Therefore, SELU and Defendant are synonymous for the purposes of this Complaint.

1

tenure review. Dr. Gratton then timely informed his Department Head of his intent to apply for tenure.

3. In spite of this, in contravention of its own policies, SELU improperly notified Dr. Gratton of his non-reappointment during his sixth year. While the decision to grant tenure is in the discretion of SELU, Dr. Gratton's eligibility for tenure review during his sixth year is not discretionary based on SELU's and the Board's own policies.

4. As a result, Dr. Gratton filed grievances with the SELU Senate Faculty Grievance Committee and the Board's Grievance Committee. Both grievances were mishandled by SELU and the Board, respectively.

5. Dr. Gratton now files suit against Defendant for violations of substantive and procedural due process and breach of contract.

## PARTIES

6. Plaintiff Peter M. Gratton is an individual residing in Orleans Parish, Louisiana.

7. Defendant Board of Supervisors for the University of Louisiana System supervises and manages the University of Louisiana System ("ULS"), of which Southeastern Louisiana University at Hammond is a member institution (La. Rev. Stat. § 17:3217). Southeastern Louisiana University ("SELU") operates in the parish of Tangipahoa, state of Louisiana, which is located within the Eastern District of Louisiana.

## JURISDICTION AND VENUE

8. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

9. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

10. Venue is proper pursuant to 28 U.S.C. § 1391, as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district.

## FACTUAL ALLEGATIONS

11. Plaintiff began as a tenure-track Assistant Professor in the Department of History and Political Science at SELU in 2018.

12. According to Defendant's Bylaws & Rules, Part Two, Chapter III (Faculty and Staff), Section IX (Tenure), paragraph B (Eligibility for Tenure), a faculty member is eligible for tenure after serving his probationary period, which is six years.

13. Dr. Gratton's initial appointment expired at the end of his sixth year, which was academic year 2023-2024.[2]

14. Dr. Gratton became eligible for tenure after his sixth year, or academic year 2023-2024.

15. According to SELU's Policy on Termination and Non-Reappointment of Faculty, "[n]otice that a probationary appointment is not to be renewed shall be given

---

[2] Academic year 2023-2024 consists for Fall 2023 to Spring 2024.

3

to the faculty in advance of the expiration of the appointment" … "at least 12 months before the expiration of an appointment after two or more years of uninterrupted service at the institution."

16. The required notice, pursuant to SELU's Policy on Termination and Non-Reappointment of Faculty, was not given by SELU to Dr. Gratton at least 12 months before the expiration of Dr. Gratton's six-year appointment.

17. Upon information and belief, April 15, 2023 was the deadline for any non-reappointment of Dr. Gratton for the following year pursuant to SELU's Policy on Termination and Non-Reappointment.

18. On June 1, 2023, Dr. Gratton received a letter of non-reappointment dated May 31, 2023.

19. As a result of not receiving non-renewal notice in a timely manner, Dr. Gratton's appointment was consequently renewed for his sixth year (academic year 2023-2024).

20. On August 30, 2023, Dr. Gratton received a letter from the Department chair requesting that Dr. Gratton change the date on the May 31, 2023 non-reappointment letter to render it compliant with SELU's Policy on Termination on Non-Reappointment. Dr. Gratton refused.

21. According to the Evaluation Schedule of Tenure and Promotion in SELU's Tenure and Promotion Guidelines, the deadline for faculty to state their intent to apply for tenure is September 15 of their sixth year.

22. In accordance with the Evaluation Schedule for Tenure and Promotion in SELU's Tenure and Promotion Guidelines, on September 5, 2023, Dr. Gratton timely informed his department head of his intent to apply for tenure.

23. According to the SELU Tenure and Promotion Guidelines, once a tenure track faculty begins her or his sixth year and expresses an intent to apply for tenure, the tenure review process commences.

24. However, on September 11, 2023, SELU notified Dr. Gratton of his "non-appointment," with an effective date of December 17, 2024.

25. This notice was given by SELU to Dr. Gratton after his sixth year began and after Dr. Gratton expressed his intent to apply for tenure.

26. The September 11, 2023 letter states that the effective date of non-reappointment is December 17, 2024.

27. Because Dr. Gratton believed SELU had deviated from its own policies with respect to Dr. Gratton's employment, including but not limited to, with respect to tenure review eligibility and non-reappointment, in January 2024, Dr. Gratton filed an internal grievance with SELU.

28. SELU's Procedures for Resolving Faculty Complaints requires that the Chair of the Grievance Committee preside at the internal grievance hearing.

29. The Chair of the Grievance Committee did not preside at the internal grievance hearing.

30. In April 2024, the SELU Faculty Senate Grievance Committee (without the Chair) ruled that it did not have the authority to adjudicate issues relating to tenure, promotion, and reappointment.

31. Because Dr. Gratton believed SELU had deviated from its own policies with respect to Dr. Gratton's employment, including, but not limited to, with respect to tenure review eligibility and non-reappointment, Dr. Gratton also filed an external grievance with Defendant.

32. The Board Grievance Committee hearing was held on December 5, 2024.

33. Prior to the commencement of the hearing (and therefore before Dr. Gratton had had the opportunity to be heard), Dr. Gratton discovered, in the electronic folder for the hearing, the decision of the Board with respect to Dr. Gratton's grievance.

34. This decision Dr. Gratton discovered before the hearing was identical to the decision conveyed to Dr. Gratton after the hearing and stated the process used by SELU regarding Dr. Gratton's grievance be upheld and that no further consideration be given to Dr. Gratton's appeal.

**FIRST CAUSE OF ACTION**
**(42 U.S.C. § 1983 – Fourteenth Amendment – Violation of Substantive Due Process)**

35. Plaintiff incorporates by reference each and every allegation in the preceding paragraphs as though fully set forth herein.

36. Defendant is a State actor.

37. In connection with his public employment, Plaintiff has a property interest with respect to tenure review eligibility.

38. After commencing his sixth year of employment as faculty at SELU, Plaintiff was eligible for tenure review.

39. SELU's deprivation of Plaintiff's property interest in tenure review eligibility was arbitrary and capricious.

40. SELU failed to follow its own policies and procedures with respect to Plaintiff's eligibility for tenure review once his sixth year of employment commenced.

41. SELU's termination of Plaintiff's employment during Plaintiff's seventh year of employment without commencing and concluding the tenure review process was arbitrary and capricious.

## SECOND CAUSE OF ACTION
### (42 U.S.C. § 1983 – Fourteenth Amendment – Violation of Procedural Due Process)

42. Plaintiff incorporates by reference each and every allegation in the preceding paragraphs as though fully set forth herein.

43. Defendant failed to afford Plaintiff procedural due process with respect to the deprivation of Plaintiff's property interest with respect to tenure review eligibility.

44. Defendant violated Plaintiff's procedural due process by failing to provide him the opportunity to be heard at a meaningful time and in a meaningful manner with respect to his grievance.

45. The decision by Defendant to deny Plaintiff's appeal with respect to his tenure review eligibility and non-reappointment was made prior to the hearing and therefore before Plaintiff had an opportunity to be heard.

### THIRD CAUSE OFACTION
**(Breach of Contract)**

46. Plaintiff incorporates by reference each and every allegation in the preceding paragraphs as though fully set forth herein.

47. Defendant's policies and procedures created contractual rights and obligations on for the parties with respect to Plaintiff's employment, tenure review eligibility, reappointment/non-reappointment, and grievances.

48. These policies include but are not limited to: (a) ULS, Board Bylaws & Rules, Part Two, Chapter III (Faculty and Staff), Section XI (Tenure), paragraph B (Eligibility for Tenure); (b) SELU's Tenure and Promotion Guidelines; (c) SELU's Policy on Termination and Non-Reappointment of Faculty; (d) SELU's Procedures for Faculty Complaints; (e) ULS's Grievance Procedures; and (f) SELU's Faculty Handbook.

49. Defendant failed to comply with its own aforementioned policies and procedures.

50. Defendant's failure to comply with these policies and procedures constitutes a breach of contract.

51. This breach of contract resulted in Plaintiff being wrongfully non-reappointed, denied eligibility for tenure review, and denied due process.

52.   As a direct result of Defendant's breach, Plaintiff has suffered damages, including loss of income, loss of earning capacity, and future income, loss of academic and scholarly opportunities, and career and reputational harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that it be awarded all available relief including, but not limited to, a judgment reinstating Plaintiff to his position at SELU; ordering that Plaintiff be eligible for the tenure review process; ordering Defendant and/or SELU to comply with its own policies and procedures with respect to Plaintiff's employment, including tenure review eligibility and reappointment; awarding back and future pay, as appropriate; and awarding reasonable attorney's fees, costs, and expenses.

Dated: December 16, 2025                    Respectfully Submitted,

**IAS LAW LLC**

By:  s/Imtiaz A. Siddiqui
Imtiaz A. Siddiqui
La. Bar Roll No. 35321
900 Camp Street
Suite 333
New Orleans, Louisiana 70130
Telephone: (504) 500-1876
Facsimile: (504) 814-1760
Email: ias@iaslawllc.com

*Counsel for Peter M. Gratton*